HEARD, Judge.
From a judgment granting his wife a separation from bed and board on the ground of abandonment, Harold Willard Roge, Jr., perfected this appeal.
He specifies as error the following: (1) that the trial court erred in failing to find that the actions of the wife in refusing to move into the home provided for her by her husband constituted abandonment on her part, and (2) in the alternative, and only in the event that this court finds the trial court made no error in failing to find that the wife abandoned her husband, the trial court erred in finding the husband abandoned his wife.
Mary Michael Edwards Roge and Harold Willard Roge, Jr., were married on April 1, 1967. They made their home with Virgina Lombardino Krizan, Mary Roge’s mother. On the morning of August 6, 1971, Harold Roge left home as usual. He returned at noon when he told his wife he had rented a mobile home. Mary Roge and her mother testified that Harold Roge never asked his wife to move into the trailer. Rather, they say, he told his wife to pack his clothes as he was leaving. Harold Roge and his brother, Mickey Roge, testified that Harold Roge asked Mary Roge to move into the trailer with him and she refused. At any rate, Harold Roge moved out of his mother-in-law’s house and into the trailer. His wife remained at her mother’s with their minor child. It should be noted that Mary Roge was eight and one-half months pregnant at the time Harold Roge moved into the trailer.
The trial judge apparently resolved the discrepancy in testimony in favor of Mary Roge. He apparently believed that Harold Roge never asked his wife to move into the trailer with him. We need cite no cases for the proposition that we accord great weight to the trial judge’s findings of credibility.
*59 As we accept the view that Harold Roge never asked his wife to join him, but rather told her to pack his clothes as he was leaving, we have no trouble holding that the wife did not abandon her husband. We are not unaware of the numerous cases holding a wife is bound to follow her husband wherever he chooses to live. However, we cannot see that this principle applies where the husband accords the wife no reasonable opportunity to follow him.
We hold that Harold Roge’s actions constituted abandonment of his wife. He rented the trailer on the morning of August 6, 1971 without ever consulting his wife or forewarning her. He arrived at home and told her to pack his clothes as he was leaving. He left and never returned.
We find no manifest error in the judgment below and it is therefore affirmed with costs to be borne by appellant.